UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALROY D. RICHARDS,

                           Plaintiff,

                v.

CITY OF NEW YORK, SCOTT STRINGER, *in his official capacity as City of New York comptroller*, J. PASTORIZA, and D. SAROFF,

                           Defendants.

20-CV-3348 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

      On April 29, 2020, *pro se* Plaintiff Alroy Richards commenced this action against the City of New York, Scott Stringer in his official capacity as City Comptroller, and two New York Police Department officers for violations of his rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, as well 18 U.S.C. §§ 241 and 242. Plaintiff amended his complaint three times, and on May 30, 2023, this Court dismissed all of his claims except for one alleging that Defendant Saroff, a New York City Police Officer, conducted a traffic stop of Plaintiff without reasonable suspicion. Dkt. 100. On June 1, 2020, this Court referred the case against Officer Saroff to Magistrate Judge Fox for general pretrial management, Dkt. 9; it was reassigned to Magistrate Judge Willis on February 1, 2022. Since November 2023, Plaintiff has refused to comply with Judge Willis's order requiring him to authorize the release of his traffic file and mental health treatment records as part of his discovery obligations. As a result, on July 11, 2024, Judge Willis issued a Report and Recommendation (the "Report") recommending that the Court grant Defendant Saroff's motion to dismiss this case pursuant to Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure. Dkt. 165. For the following reasons, the Court adopts

Judge Willis's thorough and well-reasoned Report in its entirety. The motion to dismiss is therefore granted.

## BACKGROUND

Plaintiff's sole remaining claim alleges that Defendant Saroff pulled him over without reasonable suspicion, causing him emotional distress. During discovery, Defendant sought Plaintiff's mental health treatment records and traffic file, which Defendant could not obtain without Plaintiff's authorization. On November 1, 2023, Magistrate Judge Willis held a case management conference, during which Plaintiff raised concerns that the releases would enable Defendant to access personal information not relevant to the case. Dkt. 138 at 28–29, 37–42. In response, Judge Willis explained the relevance of the records to the issues in the case, *id.* at 20, 31–35, ordered that the releases be tailored to authorize Defendant's access only to Plaintiff's traffic file and mental health treatment records, *id.* at 37–38, 46, and warned Plaintiff that his failure to authorize the release of his traffic file could result in sanctions that "could even include the dismissal of [his] case[,]" *id* at 35. Following the conference, Judge Willis issued an order directing Plaintiff to (1) "sign the CPL 160.55 release" for his traffic file and (2) "sign the City's proposed [HIPAA] releases for mental health providers." Dkt. 129.[1]

On January 12, 2024, Defendant filed a letter motion seeking to compel Plaintiff to execute the releases "by a date certain, upon pain of dismissal." Dkt. 141. Plaintiff refused to provide the required releases, again citing privacy concerns and arguing that the information sought by Defendant was not relevant to the case. Dkt. 142. Judge Willis then ordered Defendant to further

---

[1] Courts in this District routinely require plaintiffs to provide such releases pursuant to Federal Rule of Civil Procedure 26(b)(1). *See, e.g., Matthews v. City of New York*, No. 20-CV-10953 (PKC), 2021 WL 3604892, at *1 (S.D.N.Y. Aug. 12, 2021) (dismissing case pursuant to Rule 41(b) following the plaintiff's failure to comply with an order requiring the plaintiff to sign HIPAA and CPL § 160.50 releases); *Cordero v. United States*, No. 19-CV-1320 (SLC), 2021 WL 568079, at *3 (S.D.N.Y. Feb. 16, 2021) (ordering the plaintiff to sign medical releases); Local Civil Rule 83.10(a)(1) (requiring plaintiffs in certain 42 U.S.C. § 1983 cases to serve a CPL § 160.50 release on the City of New York "[a]t the same time that plaintiff serves the complaint[.]").

narrow the releases and to bring hard copies of the releases to the next discovery conference for Plaintiff's signature. Dkt. 152. On April 3, 2024, Plaintiff attended the discovery conference but refused to sign the releases. Dkt. 154. Following the conference, Judge Willis again ordered Plaintiff to sign the releases, as well as a protective order designed to address his privacy concerns. *Id.* She advised Plaintiff that if he failed to do so by April 16, 2024, Defendant would be permitted to file a motion for case-ending sanctions. *Id.* Plaintiff failed to provide the releases. On April 17, 2024, Defendant thus moved to dismiss the complaint pursuant to Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure. Dkt. 157. On July 11, 2024, Judge Willis issued a Report and Recommendation recommending that Defendant's motion be granted. Dkt. 165. Plaintiff timely filed objections to the Report on July 18, 2024. Dkt. 170.

## LEGAL STANDARDS

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a party makes timely and specific objections to a report and recommendation, the Court reviews *de novo* the portion of the report and recommendation to which the party objects. *Id.*; Fed. R. Civ. P. 72(b)(3). When a party's objections are conclusory, general, or simply reiterate the party's original arguments, the court reviews strictly for clear error. *See Bell v. Koss*, No. 17-CV-7762 (AT) (VF), 2024 WL 3949340, at *1 (S.D.N.Y. Aug. 27, 2024); *Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 174 (S.D.N.Y. 2018). "A magistrate judge's decision is clearly erroneous only if the district court is left with the definite and firm conviction that a mistake has been committed." *Philippeaux v. Entin*, No. 19-CV-2205 (RA), 2020 WL 563903, at *1 (S.D.N.Y. Feb. 5, 2020) (quotation marks omitted).

The Court must also be mindful that a *pro se* litigant's submissions are to be "construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Restea v. Brown Harris Stevens LLC*, No. 17-CV-4801 (VEC) (GWG), 2018 WL 3435060, at *1 (S.D.N.Y. July 16, 2018) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). "Nevertheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Philippeaux*, 2020 WL 563903, at *2 (quotation marks omitted).

## DISCUSSION

Viewing Plaintiff's arguments liberally, as it must in light of his *pro se* status, the Court construes his submission as objecting on relevance and privacy grounds to Judge Willis's orders requiring him to authorize the release of his traffic file and mental health treatment records. *See* Dkt. 170 at 1 ("An <u>Illegal Traffic Stop</u> **Emotional Distress** Claim, once there were **NO INJURIES**, and under the circumstances, in this case, **WOULD NOT REQUIRE** Plaintiff's entire **Medical Records**, nor **Insurance Usage History**, and other **Personal Data**, or **Privacy Data**, being illegally demanded, by the Respondents.").[2] These are the same arguments Plaintiff made both in response to Defendant's motion to dismiss, *see* Dkt. 161 at 7–9, and in opposition to Defendant's discovery request, *see* Dkt. 142 at 2; Dkt. 149 at 1–2. Because Plaintiff merely reiterates his original arguments and fails to clearly challenge the Report's conclusion that dismissal pursuant to Rules 37(b) and 41(b) is warranted, the Court must review Judge Willis's Report for clear error. *See Gamble v. Fischer*, No. 13-CV-1048 (PGG) (JW), 2024 WL 4003248,

---

[2] Plaintiff also raises arguments concerning previously dismissed claims, non-parties, and unrelated incidents. *See* Dkt. 170 at 3.

at *8 (S.D.N.Y. Aug. 29, 2024) (reviewing report and recommendation for clear error despite *pro se* petitioner's objections).

The Court finds no error—clear or otherwise—in Judge Willis's Report. Even if the Court were to review the Report *de novo*, its conclusion would be the same, and would rest on the same reasoning as that articulated by Judge Willis. As set forth in the Report, Plaintiff's continued refusal to provide the releases satisfies the five factors required for dismissal pursuant to Rule 41(b). *See Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

First, Plaintiff's eight-month—now ten-month—failure to comply with Judge Willis's order weighs in favor of dismissal. *See Matthews*, 2021 WL 3604892, at *2 (reasoning that a seven-month delay in providing CPL 160.50 and HIPAA releases weighs in favor of dismissal). Second, Judge Willis warned Plaintiff on multiple occasions that his refusal to provide the required releases could result in dismissal, *see* Dkt. 138 at 35; Dkt. 164 at 29–30; Dkt. 154, and he therefore had adequate notice of this possibility, *see Watkins v. Marchese*, No. 13-CV-3267 (GBD) (SN), 2015 WL 4605660, at *3 (S.D.N.Y. July 31, 2015) (holding that a combination of written and oral warnings afforded the plaintiff "ample notice" of the possibility of dismissal). Third, Plaintiff's continued, inexcusable delay in complying with Judge Willis's order has "impaired [Defendant's] ability to defend the claim[,]" causing prejudice to Defendant that will "continue unless and until [P]laintiff complete[s] this simple and straightforward task." *Matthews*, 2021 WL 3604892, at *2.

Fourth, Judge Willis "took care to strike the balance between alleviating court calendar congestion and protecting [Plaintiff's] right to due process and a fair chance to be heard." *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 196 (2d Cir. 1999). Judge Willis clearly explained to Plaintiff the relevance of his traffic file and mental health records to the issues in the case, *see* Dkt. 138 at 20,

31–35, tailored the releases narrowly to address Plaintiff's concerns, *see* Dkt. 129; Dkt. 152, and provided a model protective order for the parties to sign, Dkt. 154.  Fifth, given that Plaintiff has made clear that he will "never" provide the releases, Dkt. 164 at 22, lesser sanctions are unlikely to be effective, *see Baptiste*, 768 F.3d at 216.  As Judge Willis concluded, "Plaintiff's 'intransigence acts as a complete roadblock to any other resolution but dismissal with prejudice.'" Report at 10 (quoting *Watkins*, 2015 WL 4605660, at *15).

As each of the factors weighs in favor of dismissal, this case shall be dismissed pursuant to Rule 41(b).  Further, because the pertinent criteria for dismissal under Rule 41(b) largely parallels those applicable to the Rule 37 analysis, *see Dauphin v. Chestnut Ridge Transp. Inc.*, No. 06-CV-2730 (SHS), 2009 WL 5103286, at *2 (S.D.N.Y. Dec. 28, 2009), dismissal pursuant to Rule 37(b)(2)(A) is similarly warranted.

## CONCLUSION

For the reasons stated above, the Court adopts Judge Willis's thorough and well-reasoned Report and Recommendation in its entirety.  Accordingly, this case is dismissed with prejudice.

The Clerk of Court is respectfully directed to terminate any pending motions and to close this case.

SO ORDERED.

Dated:     September 23, 2024
           New York, New York

_____
Ronnie Abrams
United States District Judge